FILED
CLERK, U.S. DISTRICT COURT
7/22/2022
CENTRAL DISTRICT OF CALIFORNIA
BY: \_\_\_\_CD\_\_\_\_ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>JOADLY SERRANO,<br><br>　　　　Defendant. | CR 2:22-cr-00331-PA<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 1029(a)(3): Possession of Fifteen or More Unauthorized Access Devices; 18 U.S.C. § 1028A: Aggravated Identity Theft; 18 U.S.C. § 1704: Unlawful Possession of Counterfeit Postal Keys; 18 U.S.C. § 1708: Mail Theft and Possession of Stolen Mail; 18 U.S.C. §§ 981, 982, 1029, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1029(a)(3)]

On or about March 16, 2022, in Los Angeles County, within the Central District of California, defendant JOADLY SERRANO, knowingly and with intent to defraud, possessed at least fifteen unauthorized access devices (as defined in Title 18, United States Code, Sections 1029(e)(1), and (3)), namely, approximately six debit, credit, and

bank account numbers and ten social security numbers, all belonging to persons other than defendant SERRANO, with said possession affecting interstate and foreign commerce.

COUNT TWO

[18 U.S.C. § 1028A]

On or about March 16, 2022, in Los Angeles County, within the Central District of California, defendant JOADLY SERRANO knowingly possessed, without lawful authority, means of identification that defendant SERRANO knew belonged to another person, namely, the name and date of birth of K.L.T., during and in relation to the offense of Possession of Fifteen or More Unauthorized Access Devices, a felony violation of Title 18, United States Code, Section 1029(a)(3), as charged in Count One of this Indictment.

COUNT THREE

[18 U.S.C. § 1704]

On or about March 16, 2022, in Los Angeles County, within the Central District of California, defendant JOADLY SERRANO knowingly possessed with the intent to unlawfully and improperly use, and to cause the same to be unlawfully and improperly used, a key suited to locks adopted and in use at the time by the United States Post Office Department and Postal Service, and to any authorized receptacle for the deposit or delivery of mail matter, namely, three counterfeit Postal Service "arrow" keys.

COUNT FOUR

[18 U.S.C. § 1708]

On or about February 27, 2022, in Los Angeles County, within the Central District of California, defendant JOADLY SERRANO stole, took, and abstracted mail and mail matter from and out of a letter box, mail receptacle, mail route, and authorized depository for mail matter, namely, mailboxes at 14028 Tahiti Way, Marina del Rey, California 90292, with the intent to deprive the owners of the mail and mail matter, temporarily and permanently, of its use and benefit.

COUNT FIVE

[18 U.S.C. § 1708]

On or about March 16, 2022, in Los Angeles County, within the Central District of California, defendant JOADLY SERRANO unlawfully possessed mail and mail matter that had been stolen and taken from the United States mail, namely, approximately 92 pieces of mail and mail matter addressed to various individuals within Los Angeles County and elsewhere, and at that time and place, defendant SERRANO knew that said mail and mail matter were stolen.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 982 and 1029]

1.  Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 982 and 1029, in the event of defendant's conviction of the offense set forth in Count One of this Indictment.

2.  Defendant, if so convicted, shall forfeit to the United States of America the following:

    (a)  All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offense;

    (b)  Any personal property used or intended to be used to commit the offense; and

    (c)  To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a) and (b).

3.  Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and 1029(c)(2), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the

court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION TWO

[18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c)]

1.   Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), in the event of defendant's conviction of the offense set forth in Counts Four or Five of this Indictment.

2.   Defendant, if so convicted, shall forfeit to the United States of America the following:

(a)   All right, title, and interest in any and all property, real or personal, constituting, or derived from, any proceeds traceable to the offense(s); and

(c)   To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3.   Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the defendant, if so convicted, shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of the defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been

//
//
//
//

placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                                A TRUE BILL

                                                /S/
                                                Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

DOMINIQUE CAAMANO
Assistant United States Attorney
General Crimes Section